```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

KENNETH D. HARTH,

    Plaintiff,

vs.                                          No. 06-2044-B/P

MR. WILLIAMS, et al.,

    Defendants.

```
                    ORDER OF DISMISSAL
                            AND
            ORDER ASSESSING $250 CIVIL FILING FEE
```

Plaintiff Kenneth D. Harth, booking number 5130962, an inmate at the Shelby County Criminal Justice Complex ("Jail")[1] in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 20, 2006. The Court issued an order on January 31, 2006 directing the plaintiff, within thirty days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or pay the $250 civil filing fee. The plaintiff has not complied with this order, and the time set for compliance has expired. The plaintiff's copy of this order was not returned by the post office. Accordingly, the Court DISMISSES this action without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997); cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

In this case, the plaintiff has filed an in forma pauperis affidavit and a trust fund account statement. However, the section in the affidavit calling for a certification by the trust fund account officer was left blank, and the trust fund account statement is uncertified. He has not, therefore, established that he is eligible to take advantage of the installment payment provisions of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall withdraw from the plaintiff's trust fund account the sum of $250 and forward that amount to the Clerk of this Court. If the funds in plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless

that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into the plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

>   Clerk, United States District Court, Western District of
>   Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on the plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the Jail.

The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

    IT IS SO ORDERED this 10th day of March, 2006.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE